IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                                                                            No. CR 05-0431 RB

**FRANCES SOPHIE GARCIA,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Defendant's letter to the Court, herein construed as a Motion For Reconsideration[1] (Doc. 54), filed on March 13, 2009.  Defendant requests reconsideration of my February 27, 2009 Memorandum Opinion and Order that denied Defendant's letter to the Court, which was construed as a Motion For Sentencing Reduction (Doc. 48), filed on February 13, 2009  Having considered Defendant's motion of March 13, 2009, relevant law, and being otherwise fully informed, the Court finds that Defendant's motion of March 13, 2009 should be denied.

**I.**      **Background.**

On April 22, 2005, Defendant pleaded guilty to conspiracy to possess with intent to distribute 100 kilograms and more of marijuana, in violation of 21 U.S.C. § 846.  On February 7, 2006, Defendant was sentenced to 60 months imprisonment.

Defendant asks the Court to modify the sentence imposed.  In the February 13, 2009 motion, Defendant requested release from custody and placement on home confinement.  As grounds,

---

[1] The Clerk's Office has docketed the letter as a notice of appeal.  This classification has no bearing on my determination herein.

Defendant stated that her health has deteriorated considerably, she is 61 years old, and her daughter is gravely ill. The Court denied the February 13, 2009 motion based on lack of jurisdiction.

In the March 13, 2009 motion, Defendant states that the "5331.02 Early Release procedure of 18 U.S.C. § 3621(e)" might provide grounds for her release and she is deemed incompetent by the psychology department at FCI Carswell. The Court finds that the March 13, 2009 motion should be denied for lack of jurisdiction.

## II.    Discussion.

The Federal Rules of Criminal Procedure do not provide for motions to reconsider. However, the Tenth Circuit has recognized such a motion under the common law doctrine and considerations of judicial economy set forth in *United States v. Healey*, 376 U. S. 75 (1964). *See, e. g., United States v. Corey*, 999 F. 2d 493, 495 (10th Cir. 1993); *United States v. Anderson*, 85 F. Supp. 2d 1084, 1109-10 (D. Kan. 1999). Motions to reconsider are essentially treated the same as motions to alter or amend judgment in the civil context under Fed. R. Civ. P. 59(e). *Anderson*, 85 F. Supp. 2d at 1109-1110. They should be granted only "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). Whether to grant or deny a motion to reconsider is committed to the district court's sound discretion. *Id*.

As I observed in my Memorandum Opinion and Order of February 27, 2009, "[a] district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). The Tenth Circuit has consistently recognized that "a district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

Because Defendant's request is neither a direct appeal nor a collateral attack under 28 U.S.C. § 2255, "the viability of [her] motion depends entirely" on 18 U.S.C. § 3582(c). *United States v. Trujeque*, 100 F.3d 869, 870 (10th Cir. 1996). Section 3582(c) sets forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in certain extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35"; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); *see Blackwell*, 81 F.3d at 947-48; *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997). Simply put, Section 3582(c) is inapplicable.

Similarly, the statute cited by Defendant, 18 U.S.C. § 3621(e), deals with substance abuse treatment within the Bureau of Prisons. *See* 18 U.S.C. § 3621(e). By its plain language, 18 U.S.C. § 3621(e) does not provide a jurisdictional basis for this Court to act on Defendant's request. Defendant has not cited any statute which would authorize the court to modify her sentence.

Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. Rule 35 authorizes re-sentencing (a) to correct arithmetical, technical, or other clear error within seven days of sentencing; or (b) to reflect defendant's substantial assistance on motion of the government. *See* Fed. R. Crim. P. 35. Defendant's situation does not fit within the parameters of Rule 35. Rule 36 authorizes the court to correct clerical-type errors. Rule 36 is inapplicable because Defendant seeks a substantive modification of her sentence, not a correction of a clerical-type error. The Court does not have jurisdiction to substantively modify defendant's sentence at this time.

**III.   Conclusion.**

While the Court is sympathetic to Defendant's plight, no legal basis exists that would allow the Court to reduce her sentence. Defendant's motion for sentencing reduction is, therefore, denied.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's letter to the Court, herein construed as a Motion For Reconsideration (Doc. 54), filed on March 13, 2009, is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**